# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LAURA TWEED,

      Plaintiff,

v.                                                                              No. CIV 17-0336 RB/KK

CITIMORTGAGE, INC.

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant CitiMortgage, Inc.'s Motion to Dismiss for Failure to State a Claim, filed on March 13, 2017. (Doc. 3). Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel and relevant law, the Court will **GRANT IN PART** the motion as outlined below.

**I.     Procedural Background**

This case arises over a dispute related to a mortgage. CitiMortgage, Inc. (Defendant) holds a mortgage on real property owned by Ms. Laura Tweed (Plaintiff). When Plaintiff began to fall behind on her mortgage payments, she applied for a loan modification package. Defendant allegedly told Plaintiff that a package was available, but she would only be eligible for it once she was at least 90 days delinquent. Relying on Defendant's representations, Plaintiff skipped several payments and again applied for the loan modification. Only then did Defendant reveal other requirements it had not previously disclosed to Plaintiff, and it rejected her application for the loan modification. Eventually, Defendant began foreclosure proceedings on Plaintiff's mortgage. Plaintiff argues that Defendant maintains a business practice of inducing struggling borrowers to become more delinquent so that Defendant can foreclose on their mortgages to make a larger profit than it would if the payments were current.

Plaintiff filed suit in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, on February 2, 2017, alleging: (1) breach of contract; (2) fraudulent inducement to default on a real estate note and mortgage; (3) bad faith in negotiation for a short sale; and (4) unconscionability under the Unfair Practices Act. (*See* Doc. 1-B (Compl.).) Defendant removed the case to this Court on March 13, 2017 on the basis of diversity and now brings this Motion to Dismiss for Failure to State a Claim. (*See* Docs. 1, 3.)

II. **Factual Background**

Plaintiff, a resident of Sandoval County, New Mexico, purchased a home with a mortgage from ABN AMBRO Mortgage Group, Inc. (Compl. ¶¶ 1, 3.) Defendant, a foreign corporation doing business in the state of New Mexico, is the successor holder of Plaintiff's mortgage. (*Id.* ¶¶ 2, 4.)

Plaintiff received offers for a loan modification from Defendant via mail and telephone before Plaintiff ever became delinquent on her mortgage payments. (*Id.* ¶¶ 8–9.) At some point, Plaintiff had a financial setback and applied for a loan modification. (*Id.* ¶ 10.) A representative of Defendant told Plaintiff that such modifications were only available to borrowers who were at least 90 days delinquent and encouraged her to reapply after she had been delinquent for three months. (*Id.* ¶ 10.) Plaintiff waited 90 days and reapplied. (*Id.* ¶ 11.) Only then did Defendant tell Plaintiff there were additional requirements she must meet in order to be approved for the modification. (*Id.*) Plaintiff also discovered that the fact she was 90 days delinquent was now a negative factor, not a positive factor, in her eligibility for the loan modification. (*Id.*)

Plaintiff continued to pursue the loan modification for several months. (*Id.* ¶ 12.) During that time, Defendant had multiple representatives communicate with Plaintiff: she spoke with five different employees on the telephone, two representatives came to Plaintiff's house, one employee

apparently asked Plaintiff to complete paperwork and then failed to respond to her, and one employee spoke to Plaintiff's attorney on the telephone. (*Id.*) Each representative "required or discussed distinctly different requirements or actions, none of which were followed or implemented . . . ." (*Id.*) Plaintiff made two cash offers that Defendant rejected, and Defendant is now going forward with foreclosure without offering Plaintiff any other alternatives. (*Id.* ¶¶ 13–14.)

III. **Legal Standard**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quotation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556.)

IV. **Analysis**

A. **Plaintiff fails to state a claim for breach of contract.**

To state a claim for breach of contract, Plaintiff must allege four elements: "(1) the existence of a valid and binding contract; (2) . . . plaintiff's compliance with the contract and . . . performance of the obligations under it; (3) a general averment of the performance of any condition

3

precedent; and (4) damages suffered as a result of defendant's breach." *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1258 (D.N.M. 2012) (quoting *McCasland v. Prather*, 585 P.2d 336, 338 (N.M. Ct. App. 1978) (internal citation omitted)); *see also Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1207, 1271 (D.N.M. 2014) ("Under New Mexico law, the elements of a breach-of-contract action are the existence of the contract, breach of the contract, causation, and damages.") (quotation marks, internal citations, and brackets omitted).

Defendant argues that Plaintiff's Complaint fails to state a claim for breach of contract because she failed to "plead the contractual provisions or policies breached[,]" and because her "claim does not appear to be based on an alleged breach of . . . the mortgage loan"—the contract between the parties. (Doc. 3 at 3.) Defendant asserts that the Complaint "must indicate the contractual provisions breached, and must provide some specificity on what it is that the Defendant deprived [Plaintiff] of through the alleged breach." (*Id.* (citing *Am. Mech. Sols., L.L.C. v. Northland Process Piping, Inc.*, 184 F. Supp. 3d 1030, 1057 (D.N.M. 2016) (internal citation omitted)).

Plaintiff admits that "[t]here may not be a provision for modification in the contract, but it is clear that modification is a frequent consideration on the way to foreclosure . . . ." (Doc. 7 at 4.) While this may be true, Plaintiff fails to plead facts to show that Defendant breached any provisions of the contract currently in place between the parties. Accordingly, the Court will grant Defendant's motion with respect to Count I.

### B. Plaintiff states a claim for fraudulent inducement to default on a real estate note and mortgage.

To state a claim for fraudulent inducement under New Mexico law, the Plaintiff must alleged four elements: "(1) a misrepresentation of fact or failure to disclose a material fact; where (2) the falsity was known to the maker or where the representation or concealment was reckless;

4

(3) the maker acted with the intent to deceive and to induce the other party to act in reliance; and (4) the other party actually relied on the representation or concealment." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 994 (10th Cir. 1999) (citing *Lotspeich v. Golden Oil Co.*, 961 P.2d 790, 792 (N.M. Ct. App. 1998) (internal and subsequent citations omitted)). Plaintiff must plead this claim with the specificity required under Federal Rule of Civil Procedure 9(b). *Radian Asset Assur. Inc. v. Coll. of the Christian Bros. of N.M.*, No. CIV 09-0885 JB/DJS, 2011 WL 10977180, at *52 (D.N.M. Jan. 24, 2011). "To survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Id.* at *13 (quoting *Midgley v. Rayrock Mines, Inc.*, 374 F. Supp. 2d 1039, 1047 (D.N.M. 2005) (internal quotation and citation omitted)).

Defendant argues that Plaintiff failed to plead any of the specifics of the fraud claim pursuant to Rule 9(b)'s heightened standard. (Doc. 3 at 4.) Plaintiff fails to respond to this argument in her brief. Instead, Plaintiff vaguely discusses a claim of "loan modification misconduct" and argues that "[t]he case should turn on whether the loan modification was fully and fairly considered . . . ." (Doc. 7 at 5–6.) Notwithstanding Plaintiff's failure to respond, the Court is convinced, pursuant to its own examination of Plaintiff's Complaint, that she has alleged sufficiently specific facts to survive the Motion to Dismiss.

First, the time period of the alleged misrepresentation began when Plaintiff applied for the loan modification program and the representative told Plaintiff that "modification was only available to borrowers who were over 90 days past due[,]" and continued while Defendant's representatives "stalled and delayed and required additional information before eventually informing [Plaintiff] that she was ineligible . . . ." (Compl. ¶¶ 22–25.) Second, the

5

misrepresentations took place via phone, in writing, and at Plaintiff's residence in New Mexico. (*Id.* ¶¶ 12, 23.) Third, the contents of the false representation include the alleged advice by Defendant that a loan modification was only available once Plaintiff was 90 days past due on her mortgage, and that she should reapply in 90 days, together with the omission of information Plaintiff also needed to be eligible for the modification program. (*Id.* ¶¶ 10–12, 22–27.) Fourth, Plaintiff asserts that she communicated with at least half a dozen different representatives over a specific time period. (*Id.* ¶ 12.) This is sufficiently specific, prior to discovery, to plead the identity of the party making the false statements. Finally, Plaintiff alleged that as a consequence of Defendant's false representations, she has lost any opportunity to take part in a loan modification program and Defendant is now foreclosing on her home. (*Id.* ¶ 27.)

The two main goals behind requiring plaintiffs to plead fraud claims with particularity are first, that such pleading "protects defendants' reputations from the harm attendant to accusations of fraud or dishonest conduct[,]" and second, it "puts defendants on notice of the allegedly fraudulent conduct so that they can formulate a defense." *Radian Asset Assur. Inc.*, 2011 WL 10977180, at *12 (citations omitted). Plaintiff's Complaint gives Defendant sufficient details to investigate her allegations and formulate a defense. The Court will deny Defendant's Motion with respect to Count II.

  **C.**  **Plaintiff states a claim for bad faith in negotiation for a short sale.**

Under New Mexico law, "every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enforcement." *Anderson Living Trust v. ConocoPhillips Co., LLC*, 952 F. Supp. 2d 979, 1031 (D.N.M. 2013) (quoting *Watson Truck & Supply Co., Inc. v. Males*, 801 P.2d 639, 642 (1990) (internal citations omitted)). "Broadly stated, the covenant requires that neither party do anything which will deprive the other of the benefits of the

agreement." *Id.* (quoting *Watson Truck & Supply Co.*, 801 P.2d at 642 (internal quotations omitted)). "The breach of this covenant requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party." *Id.* (quoting *Sanders v. FedEx Ground Package Sys., Inc.*, 188 P.3d 1200, 1203 (N.M. 2008) (internal quotation omitted).

Defendant argues that Plaintiff's Complaint is insufficient to show a breach of the implied covenant of good faith, because there are no allegations or facts to suggest that Defendant "sought to prevent performance of the contract . . . [or] to prevent Plaintiff from performing under the agreements." (Doc. 3 at 5.) The Court disagrees. Plaintiff alleges in her Complaint that Defendant's representatives encouraged Plaintiff to become 90 days delinquent on her mortgage payments and intentionally misrepresented the terms of the loan modification program. (Compl. ¶¶ 10–12.) These allegations are sufficient to state a claim that Defendant sought to either prevent her from performing under the contract and/or to withhold the contract's benefits from Plaintiff. *See, e.g.*, *Watson Truck & Supply Co.*, 801 P.2d at 642 (a party's "intentional use of the contract to the detriment of another party is wrongful, constitutes bad faith, and clearly is a breach of the covenant of good faith and fair dealing") (citation omitted). The Court will deny Defendant's Motion with respect to Count III.

### D. Plaintiff fails to state a claim for unconscionability under the Unfair Practices Act.

In Count IV, Plaintiff alleges Defendant violated the New Mexico Unfair Practices Act (NMUPA), N.M. Stat. Ann. §§ 57-12-2(E)(1), which defines an "unconscionable trade practice" as an

> act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts that to a person's detriment:

7

> (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or
> (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. Ann. § 57-12-2-(E)(1). Defendant argues that Plaintiff's Complaint "is silent as to how [Defendant] engaged in an act or practice that took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree." (Doc. 3 at 6.) Defendant further argues that Plaintiff fails to "plead any facts suggesting how, in connection with a specified act or practice recognized in the definition, that a gross disparity arose." (*Id.*) Plaintiff's only response to this argument was to assert that "[i]t is premature for the Unfair Practices Act's applicability to be heard at this point . . . ." (Doc. 7 at 6.) Plaintiff fails to cite authority for this assertion.

To state a claim that Defendant violated § 57-12-2(E), Plaintiff must allege facts sufficient to state a claim that: (1) Plaintiff "lacked knowledge, ability, experience, or capacity in credit consumption;" (2) "Defendants took advantage of [Plaintiff's] deficits in those areas; and" (3) "these practices took advantage of [Plaintiff] to a grossly unfair degree to [Plaintiff's] detriment." *State ex rel. King v. B & B Inv. Grp., Inc.*, 329 P.3d 658, 665 (N.M. 2014) (citing § 57-12-2(E)). The Court agrees that Plaintiff fails to assert sufficient allegations in her Complaint to show the first element. In *King*, for example, the defendant marketed "high-cost signature loans . . . to less-educated and financially unsophisticated individuals . . . ." *Id.* at 662. While the New Mexico Supreme Court examined the facts of *King* on appeal after a bench trial and thus had the benefit of all evidence submitted below, Plaintiff fails to make *any* allegations sufficient to show that she "lacked knowledge, ability, experience, or capacity in credit consumption." *See id.* at 665. Consequently, the Court will grant Defendant's motion with respect to Count IV.[1]

---

[1] It is unclear whether Plaintiff intends to make a claim that Defendant violated the NMUPA by "stating that a transaction involves rights, remedies or obligations that it [did] not involve." (*See* Compl. § 33 (quoting N.M. Stat. Ann. § 57-12-2(D)). *See also Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 749 F. Supp. 2d 1235, 1258 (D.N.M.

V.  **Conclusion**

Plaintiff asserts allegations sufficient to maintain claims for fraudulent inducement to default on a real estate note and mortgage and bad faith in negotiation for a short sale. Plaintiff fails to assert allegations sufficient to maintain claims for breach of contract or unconscionability under the NMUPA. The Court grants Defendant's motion with respect to Counts I and IV and dismisses these counts without prejudice. If Plaintiff wishes to amend her Complaint, she must file a motion and amended complaint pursuant to D.N.M. LR-Civ. 15.1 no later than **Monday, May 15, 2017**.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART** as outlined in this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, if she so desires, no later than **Monday, May 15, 2017**.

```
                                    _____
                                    ROBERT C. BRACK
                                    UNITED STATES DISTRICT JUDGE
```

---

2010) (listing the elements necessary to state a claim under the NMUPA). Defendant did not discuss § 57-12-2(D)(15), and Plaintiff failed to provide any argument or authority with respect to her allegations in Count IV in her Response to Defendant's Motion. (*See* Doc. 7 at 6 (stating that "[i]t is premature for the Unfair Practices Act's applicability to be heard at this point").) Because Plaintiff will have an opportunity to amend her Complaint, she may wish to clarify her claims under the NMUPA.